1  Thomas G. Foley, Jr., SBN 065812
   tfoley@foleybezek.com
2
   Justin P. Karczag, SBN 2~~~~~
3  jkarczag@foleybezek.com
4  **FOLEY BEZEK BEHLE & CURTIS, LLP**
   15 West Carrillo Street
5  Santa Barbara, California 93101
6  Telephone: (805) 962-9495
   Facsimile:  (805) 962-0722
7

FILED

2010 NOV 16   P 2: 31

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA.-SAN JOSE

8  Attorneys for Plaintiffs

9          **IN THE UNITED STATES DISTRICT COURT**
10
11         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12  HAYLEY HICKCOX-HUFFMAN,         Case No.
    on behalf of herself and all others
13  similarly situated              CV 10 - 05193  HRL
                                    **CLASS ACTION COMPLAINT**
14
                                    1. **Breach of Contract**
15         Plaintiff,               2. **Unjust Enrichment**
                                    3. **Breach of the Covenant of Good**
16  vs.                                **Faith and Fair Dealing**
                                    4. **Negligent Misrepresentation**
17  US AIRWAYS, INC., and DOES 1    5. **Interference with Use of**
    through 10, inclusive.             **Property/Bailment**
18
19         Defendants.              **JURY DEMAND**

20

21

22

23

24

25

26

27

28

BY FAX

1

# I. NATURE OF THE ACTION

1.      This is a consumer class action for, *inter alia*, breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and negligent interference with use of property/bailment arising out of Defendant's handling and transportation of its passengers' baggage. Plaintiff Huffman brings this action in her own right and on behalf of a nationwide class of all others similarly situated.

2.      All allegations made in this Complaint are based upon information and belief except those allegations that pertain to the plaintiff, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rules 8(e)(2) and 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

# II. JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005.  In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims because all of the claims are derived from a common nucleus of operative facts and are such that Plaintiff ordinarily would expect to try them in one judicial proceeding.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because the Defendant resides and transacts substantial business within, and is subject to personal jurisdiction in, this judicial district.

# III. PARTIES

5.      Plaintiff Hayley Hickcox-Huffman (hereinafter "Plaintiff Huffman") is a resident of Atascadero, California, in San Luis Obispo County.

6.      Defendant US Airways, Inc. (hereinafter "US Airways" or "Defendant") is, and at all times relevant hereto was, a Delaware corporation with

2

its principal place of business located in Tempe, Arizona. Defendant conducts business under the name "US Airways."

7.    Plaintiff Huffman is unaware of the true names, identities and capacities of the defendants sued herein as DOES 1 through 10. Plaintiff Huffman will amend this Complaint to allege the true names and capacities of DOES 1 through 10 when ascertained.  Plaintiff Huffman is informed and believes, and thereupon alleges, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to Plaintiff Huffman as set forth below.

8.    Whenever, in this Complaint, reference is made to any act, deed or conduct of Defendant, the allegation means that Defendant engaged in the act, deed or conduct by or through one or more of its officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Defendant.

## IV. FACTUAL BACKGROUND

9.    Defendant is a major commercial airline based in Tempe, Arizona. Defendant is an operating unit of US Airways Group, Inc. and is the sixth (6th) largest airline (measured by traffic volume) and the eighth (8th) largest airline (measured by market value) in the United States. As of December 2008, Defendant employed approximately 33,765 people worldwide and operated 3,130 daily flights.

10.    Commencing on or about July 9, 2008, Defendant began charging passengers fifteen dollars ($15) for their first checked bag for flights in the United States, as well as flights to and from Canada, Latin America and the Caribbean. When Defendant began charging fees for baggage, it incurred the obligation to handle such baggage with care and ensure the timely delivery of the baggage to its passengers on arrival at their destination. Each time Defendant delays, damages or loses baggage, but fails to refund the baggage fee to the affected passenger, it breaches this obligation. Defendant is not entitled to retain baggage fees collected

from passengers whose bags have been delayed, damaged or lost while in the care of Defendant.

11.    Defendant charged a baggage service fee to its passengers in addition to the amount already charged to the passengers for purchase of airline tickets. Defendant undertook to create a baggage service fee, set the amount of the baggage service fee, and required its passengers to pay the baggage service fee. The undertaking was self-imposed by Defendant. In a transaction separate and apart from the purchase of airline tickets by passengers, Defendant began charging passengers a baggage service fee. The price paid by passengers, including Plaintiff Huffman, for their airline tickets from Defendant did not include the baggage service fee. Upon acceptance of the baggage service fee and baggage, Defendant incurred the obligation to deliver the bags timely and undamaged to those passengers who paid the baggage service fee upon arrival at their destinations. Defendant expressly agreed to undertake, impose on itself, and assent to the obligations arising from payment of the baggage service fee. Defendant has breached and continues to breach this obligation by delaying, losing, and/or damaging bags; but in each such instance, Defendant has kept and continues to keep the baggage service fees paid by passengers whose bags they have delayed, lost or damaged.

12.    On or about May 2, 2009, Plaintiff Huffman purchased a one-way airline ticket on US Airways to travel from Colorado Springs, Colorado to San Luis Obispo, California. While at the airport in Colorado Springs, Plaintiff Huffman checked one (1) bag with the US Airways agent and paid the required fifteen dollar ($15) baggage service fee charged by Defendant. Attached hereto as Exhibit "A" is a copy of Plaintiff Huffman's baggage receipt, confirming payment of the fifteen dollar ($15) baggage fee to Defendant in cash.

13.    Plaintiff Huffman boarded her flight. However, when she arrived at her destination, her bag was not there. When she asked why her bag was not there, Plaintiff Huffman was told by representatives of US Airways that they could not

4

locate the bag. Plaintiff Huffman's bag remained "lost" until the following day.

14.    Despite Plaintiff Huffman having paid Defendant fifteen dollars ($15) for the safe and timely delivery of her bag to her destination, Defendant lost her bag and did not refund her baggage fee.

## V.  CLASS ACTION ALLEGATIONS

15.    Plaintiff Huffman brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class that Plaintiff Huffman seeks to represent is defined as: All US Airways passengers traveling in United States who were charged and paid a baggage service fee, and whose bags were delayed, damaged, lost or not delivered to them upon arrival at their destination, and who did not receive a refund of the baggage service fee from US Airways ("the Class").

16.    This action is brought and properly may be maintained as a class action pursuant to the provisions of F.R.Civ.P. 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

17.    While the exact number of members of the Class is unknown to Plaintiff Huffman at this time and can only be determined by appropriate discovery, membership in the Class is ascertainable based upon the billing records maintained by Defendant and by the data compiled by the U.S. Department of Transportation.

18.    At this time, Plaintiff Huffman is informed and believes that the Class likely includes thousands of members. According to the U.S. Department of Transportation, US Airways mishandled approximately 37,046 bags between March and May, 2009, corresponding to the time period when Plaintiff Huffman traveled. Therefore, the Class is sufficiently numerous that joinder of all members of the Class and in a single action is impracticable under F.R.Civ.P. 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court. Further, a refund of all fees charged to Class Members during the relevant statute of limitations period would far exceed the

jurisdictional requirements of the Class Action Fairness Act of 2005.

19.    Common questions of law and fact exist as to the members of the Class, as required by F.R.Civ.P. 23(a)(2), and predominate over any questions that affect only individual members of the Class within the meaning of F.R.Civ.P. 23(b)(3).

20.    The common questions of fact and law include, but are not limited to, the following:

(a)    Whether Defendant breached its agreements with passengers who paid baggage service fees but did not receive their bags timely upon arrival at their destination, and did not receive a refund;

(b)    Whether Defendant breached its agreements with passengers who paid baggage fees but had their bags damaged or destroyed while in the care of Defendants, and did not receive a refund;

(c)    Whether Defendant was unjustly enriched by retaining the baggage service fees paid by passengers whose bags were delayed, damaged lost or not delivered to them upon arrival at their destinations;

(d)    Whether Defendant breached the covenant of good faith and fair dealing by failing to refund baggage service fees to passengers who contracted with Defendant for the timely and safe delivery of their bags, but whose bags were delayed, damaged, or lost by Defendants;

(e)    Whether Defendant negligently misrepresented to passengers that there bags would be delivered to them timely and undamaged upon arrival at the passengers' destinations;

(f)    Whether Defendant interfered with the use of passengers' bags and the contents thereof in a manner that was not authorized by the agreement by delaying, losing or damaging the baggage;

(g)    Whether Defendant is obligated to refund baggage fees charged to Class members each time they fail to timely deliver the baggage to passengers upon arrival at their destination.

6

(h)    Whether Defendant is obligated to refund baggage fees charged to Class members each time they damage or destroy the baggage.

21.    Plaintiff Huffman's claims are typical of the claims of the other members of the Class whom she seeks to represent under F.R.Civ.P. 23(a)(3) because Plaintiff Huffman and each member of the Class was charged a baggage fee by Defendant, had their bags lost, delayed or damaged, and did not receive a refund of the baggage fee.

22.    Plaintiff Huffman will fairly and adequately represent and protect the interests of the Class as required by F.R.Civ.P. 23(a)(4).  Plaintiff Huffman is an adequate representative of the Class because she has no interests that are adverse to the interests of the other members of the Class.  Plaintiff Huffman is committed to the vigorous prosecution of this action and, to that end, Plaintiff Huffman has retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

23.    A class action is superior to any other available methods for the fair and efficient adjudication of the claims asserted in this action under F.R.Civ.P. 23(b)(3) since:

(a)    The expense and burden of individual litigation make it economically unfeasible for class members to seek redress other than through the procedure of a class action;

(b)    If separate actions were brought by individual class members, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues; and

(c)    Absent a class action, Defendant likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

24.    In the alternative, this action is certifiable under the provisions of F.R.Civ.P. 23(b)(1) and/or 23(b)(2) because:

(a)    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

(b)    The prosecution of separate actions by individual class members would create a risk of adjudications as to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to the class members on a mandatory, class wide basis.

25.    Plaintiff Huffman is aware of no difficulty that will be encountered in the management of this litigation which should preclude its maintenance as a class action.

26.    The names and addresses of the members of the Class are available from Defendant's records.  Notice can be provided to the members of the Class via first class mail or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

27.    Plaintiff Huffman repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28.    Plaintiff Huffman brings this claim for relief on behalf of herself and the members of the Class.

29.   Each time Defendant charges a passenger a baggage service fee, it enters into a separate contract with the passenger to timely deliver the baggage to the passenger upon arrival at their destination and to deliver the baggage to the passenger undamaged.

30.   Plaintiff Huffman and Defendant entered into a contract under which Defendant agreed to timely deliver Plaintiff's Huffman's bag to her upon arrival at her destination and otherwise handle her bag with care so as not to lose, delay or damage her bag, and Plaintiff Huffman agreed to pay a baggage service fee to Defendant.

31.   Plaintiff Huffman and each member of the Class are parties to contracts, namely baggage service fee contracts, with Defendant that are uniform with respect to the provisions applicable to the claims asserted against Defendant.

32.   Plaintiff Huffman and the members of the Class have performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the baggage fee contract, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendant.

33.   Defendant breached its contractual obligations under the baggage service fee contracts with Plaintiff Huffman and each member of the Class by failing to timely deliver their baggage to Plaintiff Huffman and each member of the Class upon arrival at their destinations, without damage to the baggage, and by not refunding the baggage service fee.

34.   As a direct and proximate result of Defendant's breach of baggage service fee contract, Plaintiff Huffman and each member of the Class have been damaged in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

35.    Plaintiff Huffman repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 26, inclusive, as though fully set forth herein.

36.    Plaintiff Huffman brings this claim for relief on behalf of herself and the members of the Class.

37.    Plaintiff Huffman and each member of the Class conferred a benefit upon Defendant when they paid the baggage service fees. Defendant acknowledged receipt of the benefit when it accepted the baggage service fees.

38.    By accepting the baggage service fees, Defendant was enriched and its revenue increased, as was Defendant's intention. By accepting the baggage service fees, Defendant was obligated to deliver the baggage to the paying passenger, including Plaintiff Huffman and each member of the Class, timely and undamaged to them upon arrival at their final destination. This obligation was self-imposed be Defendant.

39.    Defendant was unjustly enriched, however, when it retained the baggage service fees paid by those passengers, including Plaintiff Huffman and each member of the Class, whose bags were delayed, lost or damaged while in the care of Defendant. By not refunding the baggage service fees to such passengers, Defendant was unjustly enriched under both state and federal common law.

40.    As a direct and proximate result of the foregoing, Plaintiff Huffman and each member of the Class were damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

41.    Plaintiff Huffman repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 40, inclusive, as though fully set forth herein.

42.    Plaintiff Huffman brings this claim for relief on behalf of herself and the members of the Class.

43.    Implied in the baggage service fee contracts between Defendant, on the one hand, and Plaintiff Huffman and each member of the Class, on the other hand, is a covenant of good faith and fair dealing. When Defendant accepts the baggage service fee, it becomes obligated to deliver the paying passenger's baggage, including Plaintiff Huffman and each member of the Class, timely and undamaged to the passenger upon arrival at the destination.

44.    Defendant failed to refund the baggage service fee to Plaintiff Huffman and each member of the Class, despite having failed to deliver their baggage timely and undamaged upon arrival at their destination. By failing to refund the baggage service fee, Defendant breached the covenant of good faith and fair dealing under both state and federal common law.

45.    As a direct and proximate result of the foregoing, Plaintiff Huffman and each member of the Class were damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

46.    Plaintiff Huffman repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 26, inclusive, as though fully set forth herein.

47.    Plaintiff Huffman brings this claim for relief on behalf of herself and the members of the Class.

48.    At all times herein mentioned, Defendant represented to Plaintiff Huffman and each member of the Class that an important fact was true, namely, that upon payment of the baggage service fee, Defendant would deliver their baggage timely and undamaged to them upon arrival at their destination.

49.    Based on the reported frequency with which Defendant delays, loses, or damages baggage, as reported by the U.S. Department of Transportation, Defendant knew or in the exercise or reasonable care should have known that its

11

representations to Plaintiff Huffman and each member of the Class were not true.

50.    Although Defendant may have believed that the representations were true, Defendant had no reasonable grounds for believing the representations were true when Defendant made them.

51.    Defendant intended that Plaintiff Huffman and each member of the Class rely on these representations.

52.    Plaintiff Huffman and each member of the Class reasonably relied on Defendant's representations, as evidenced by, among other things, their payment of the baggage service fees and their checking of baggage with Defendant.

53.    Plaintiff Huffman and each member of the Class were harmed.

54.    Plaintiff Huffman's and each member of the Class' reliance on Defendant's representations was a substantial factor in causing the harm.

## FIFTH CLAIM FOR RELIEF

### (Interference with Use of Property/Bailment)

55.    Plaintiff Huffman repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 26, inclusive, as though fully set forth herein.

56.    Plaintiff Huffman brings this claim for relief on behalf of herself and the members of the Class.

57.    Baggage was delivered by Plaintiff Huffman and each member of the Class to Defendant.

58.    This delivery was part of an agreement between Plaintiff Huffman and each member of the Class, on the one hand, and Defendant, on the other hand, for Defendant to deliver said baggage to Plaintiff Huffman and each member of the Class timely and undamaged upon arrival at their destination, in exchange for a baggage service fee paid by Plaintiff Huffman and each member of the Class and Defendant.

59.    Under this agreement, Defendant was authorized to deliver the baggage timely and undamaged to Plaintiff Huffman and each member of the

1    Class upon arrival and their destination.

2        60.    Defendant used the property in a manner that was not authorized by

3    the agreement, namely, by delaying, losing or damaging the baggage such that it

4    was not available for use by Plaintiff Huffman and each member of the Class

5    immediately upon arrival at their destination.

6        61.    As a direct and proximate result of the foregoing, Plaintiff Huffman

7    and each member of the Class were damaged in an amount to be proven at trial.

8                              **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiff Huffman, and all other similarly situated, demand

10   judgment against Defendant and pray for:

11       1.    A permanent injunction enjoining Defendant, its officers, successors,

12   agents, assigns, and all persons in active concert or participation with it, from

13   retaining any baggage service fee paid by a domestic airline passenger traveling on

14   Defendant's airline when that passenger's baggage has been delayed, lost or

15   damaged.

16       2.    Order Defendant to make Plaintiff Huffman and each member of the

17   Class whole by immediately refunding all baggage service fees charged for

18   baggage that has been delayed, lost or damaged by Defendant.

19       3.    Order Defendant to make an accounting of profits and/or expenses

20   saved by their unlawful practices and provide full restitution to Plaintiff Huffman

21   and each member of the Class.

22       4.    Order Defendant to make Plaintiff Huffman and each member of the

23   Class whole by providing compensation for past and future pecuniary losses

24   resulting from the unlawful practices set forth herein, including out-of-pocket

25   expenses, in amounts to be determined at trial.

26       5.    Order Defendant to make Plaintiff Huffman and each member of the

27   Class whole by providing appropriate prejudgment and post-judgment interest.

28       6.    For costs and attorney's fees, as provided by law.

     7.    For any and all other relief the Court deems necessary, just or

---

13

appropriate.

8.    For certification of the proposed Class pursuant to Fed. R. Civ. P. 23.

9.    For a declaration that Defendant is financially responsible for notifying all Class members about this litigation.

10.   For leave to amend these pleadings to conform to the evidence adduced during discovery and/or presented at trial.

Dated this 16th day of November, 2010.

**FOLEY BEZEK BEHLE & CURTIS** LLP

By _____
Thomas G. Foley, Jr., SBN 065812
tfoley@foleybezek.com
Justin P. Karczag, SBN 223764
jkarczag@foleybezek.com
15 West Carrillo Street
Santa Barbara, CA 93101
Telephone:  (805) 962-9495
Facsimile:   (805) 962-0722

14

1

## **JURY DEMAND**

2

     1.    Plaintiff demands a trial by jury of all issues and claims so triable in

3

this action.

4

                   **FOLEY BEZEK BEHLE & CURTIS** LLP

5

6

By: _____

7

            Thomas G. Foley, Jr., SBN 065812

            tfoley@foleybezek.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# EXHIBIT A

# EXHIBIT A

Ticket Detail: Ticket Number    0372347700424
PNR    CNYK5R
Passenger Name    HUFFMAN/HAYLEYE
Sales Reference #    ETKTRES

Agency Name    COS SE
Booking Date    05/02/2009

Payment / Reference    Cash Payment  $15.00
Ticket Amount    $15.00

Coupon Usage    X V V V
Additional Usage

Fare Calc    BAGGAGE FEE Ä1B) 01 0015 Ä2B) 00 0000 Ä3B) 00 0000 ÄOW) 00
0000 ÄOZ) 00 0000 ÄSE) 00 0000 USD15.00END
Tour Code/E-Cert #

Ticket Detail: Ticket Number    0372348652622
PNR    F9SRGH
Passenger Name    HUFFMAN/HAYLEYE
Sales Reference #    ETKTRES

Agency Name    SBA KM
Booking Date    05/10/2009

Payment / Reference    Visa  ***********2618
Ticket Amount    $15.00

Coupon Usage    X V V V
Additional Usage

Fare Calc    BAGGAGE FEE Ä1B) 01 0015 Ä2B) 00 0000 Ä3B) 00 0000 ÄOW) 00
0000 ÄOZ) 00 0000 ÄSE) 00 0000 USD15.00END
Tour Code/E-Cert #

# Exhibit A

# EXHIBIT A

# EXHIBIT A

Ticket Detail: Ticket Number    0372347700424
PNR    CNYK5R
Passenger Name    HUFFMAN/HAYLEYE
Sales Reference #    ETKTRES

Agency Name    COS SE
Booking Date    05/02/2009

Payment / Reference    Cash Payment  $15.00
Ticket Amount    $15.00

Coupon Usage    X V V V
Additional Usage

Fare Calc    BAGGAGE FEE Ä1B) 01 0015 Ä2B) 00 0000 Ä3B) 00 0000 ÄOW) 00
0000 ÄOZ) 00 0000 ÄSE) 00 0000 USD15.00END
Tour Code/E-Cert #


Ticket Detail: Ticket Number    0372348652622
PNR    F9SRGH
Passenger Name    HUFFMAN/HAYLEYE
Sales Reference #    ETKTRES

Agency Name    SBA KM
Booking Date    05/10/2009

Payment / Reference    Visa  ***********2618
Ticket Amount    $15.00

Coupon Usage    X V V V
Additional Usage

Fare Calc    BAGGAGE FEE Ä1B) 01 0015 Ä2B) 00 0000 Ä3B) 00 0000 ÄOW) 00
0000 ÄOZ) 00 0000 ÄSE) 00 0000 USD15.00END
Tour Code/E-Cert #

**Exhibit** A