UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYLEY HICKCOX-HUFFMAN, <br> Plaintiff, <br> v. <br> US AIRWAYS, INC., et al., <br> Defendants. | Case No.10-cv-05193-HRL <br><br> **ORDER RE DEFENDANTS' MOTION TO DISMISS THE FIRST, THIRD, AND FOURTH CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT** <br><br> Re: Dkt. No. 55 |

Plaintiff Hayley Hickcox-Huffman ("Hickcox-Huffman"), representing a putative class, sues Defendants US Airways, Inc. and US Airways Group, Inc. (collectively "US Airways"). US Airways moves to dismiss three of the four active claims in Hickcox-Huffman's amended complaint for failure to state a claim upon which relief can be granted. For the reasons explained below, the Court grants the motion in part and denies it in part.

**I.     BACKGROUND**

According to her amended complaint, Hickcox-Huffman traveled on a domestic US Airways flight in 2009. Dkt. No. 21 ¶ 14. US Airways charged her $15 to check one bag. *Id.* Hickcox-Huffman arrived at her destination, but her bag did not, at least not immediately. *Id.* ¶ 15. US Airways never refunded her the $15. *Id.* ¶ 16.

Hickcox-Huffman filed a putative class action. Dkt. No. 1. Her amended complaint contained eight claims, one of which was for breach of express contract. Dkt. No. 21. There, she alleged that the baggage fee, together with provisions in US Airways' Terms of Transportation ("TOT"), amounted to an express contract. In that contract, Hickcox-Huffman agreed to pay $15, and US Airways promised to deliver her bag when she arrived at her destination. *Id.* ¶¶ 32-38. US Airways breached that contract, Hickcox-Huffman alleged, when it failed to timely deliver her bag. *Id.*

1  US Airways moved to dismiss, Dkt. No. 23, and this Court granted the motion, concluding that the Airline Deregulation Act of 1978, 49 U.S.C. §§ 40120, *et seq.* ("ADA") preempted Hickcox-Huffman's claims. 788 F. Supp. 2d 1036 (N.D. Cal. 2011). Hickcox-Huffman appealed. Dkt. No. 33

On appeal, the Ninth Circuit asked whether Hickcox-Huffman adequately pleaded breach of an express contract, and whether the ADA preempted that claim. As to the first question, the Ninth Circuit looked to Hickcox-Huffman's allegations concerning the TOT, and concluded that she adequately pleaded breach of an express contract. *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1063 (9th Cir. 2017) ("We look to the terms of transportation to see whether it may be read as a contract to deliver the bag when she landed, rather than the next day. . . . Putting these terms together, the $15 Hickcox-Huffman paid was consideration for delivery upon her arrival at her destination of her checked bag."). As to the second question, the Ninth Circuit concluded that, under the Supreme Court's decision in *American Airlines v. Wolens*, 513 U.S. 219 (1995), the ADA did not preempt Hickcox-Huffman's breach of express contract claim. *Id.* at 1064.

The Ninth Circuit limited its analysis to whether Hickcox-Huffman adequately pleaded a non-preempted breach of contract claim. As to the remainder of the amended complaint, the court wrote that although Hickcox-Huffman pleaded "a number of alternative claims . . . we need not reach any of them because we have determined that she has pleaded an express breach of contract." *Id.* at 1066. In a footnote, the court summarized the limited scope of its ruling as follows:

> That Hickcox-Huffman's pleadings *allege* that US Airways breached "privately ordered obligations" contained within the terms of transportation and, on her contract claims, "seek[ ] recovery solely for the airline's alleged breach of its own, self-imposed undertakings," *Wolens*, 513 U.S. at 228, 115 S.Ct. 817, may well be enough to hold that there was no *preemption* as to those claims. Any further consideration regarding whether those claims are viable can be seen as directed at determining whether she plausibly alleged that there was a contract and that it was breached. We have no need in this case to clarify the distinction further. Either way, the ultimate question here is whether, on the pleadings, Hickcox-Huffman stated a claim upon which relief can be granted, which we conclude she did.

*Id.* at 1064 n.38 (9th Cir. 2017).

After the Ninth Circuit remanded the case, the parties stipulated to dismiss four of Hickcox-Huffman's eight claims. Dkt. No. 53. Following this stipulation, Hickcox-Huffman's remaining claims were for: (1) "Breach of Self-Imposed Undertaking"; (2) "Breach of Express Contract"; (3) "Breach of Implied Contract"; and (4) "Breach of Contract – Federal Common Law". Dkt. No. 21. Now, US Airways moves to dismiss the first, third, and fourth claims, *i.e.* all but the claim for breach of express contract. Dkt. No. 55. Hickcox-Huffman opposes the motion. Dkt. No. 58. The Court heard oral arguments from both sides on October 24, 2017.

All parties consented to magistrate judge jurisdiction. Dkt. Nos. 15, 16.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints that merely recite the elements of a cause of action are insufficient. *Id.* In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Dismissal may also be based on the absence of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

### A. The Ninth Circuit Remanded Huffman's Breach of Express Contract Claim, But Did Not Reach Her Other Claims

US Airways contends that two similar judicial doctrines, the law of the case and the rule of mandate, preclude this Court from considering all but Hickcox-Huffman's claim for breach of express contract. Dkt. No. 55 at 3-4. Roughly speaking, both doctrines instruct courts to avoid reconsidering matters that were previously decided. *See United States v. Cuddy*, 147 F.3d 1111,

1114 (9th Cir. 1998) ("The law of the case doctrine provides that a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.") (internal citation and quotation marks omitted); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("[W]e have repeatedly held, in both civil and criminal cases, that a district court is limited by this court's remand in situations where the scope of the remand is clear."). US Airways argues, further, that by "declining to consider or to remand Hickcox-Huffman's seven alternative claims . . . the Ninth Circuit left undisturbed this Court's decision" to dismiss them. Dkt. No. 55 at 4.

US Airways' arguments are backwards, and are based on a misreading of the Ninth Circuit's decision. If, as US Airways contends, the Ninth Circuit had addressed Hickcox-Huffman's other claims, then the law of the case and the rule of mandate might very well preclude this Court from considering those claims. The Ninth Circuit, however, expressly declined to address Hickcox-Huffman's other claims. *Hickcox-Huffman*, 855 F.3d at 1066. To be sure, the court focused its analysis on whether Hickcox-Huffman pleaded breach of an express contract. Yet the Ninth Circuit was concerned only with whether Hickcox-Huffman adequately pleaded a claim – any claim – that was not preempted. On this Court's reading, when the Ninth Circuit concluded that it "need not reach" Hickcox-Huffman's alternative claims, it meant what it said. Hickcox-Huffman's remaining claims may fail for other reasons, but whether they do is a question the Ninth Circuit left for this Court to decide.

**B.     "Breach of Self-Imposed Undertaking" Is Not a Cognizable Claim**

US Airways argues that Hickcox-Huffman's claim for breach of self-imposed undertaking should be dismissed because it "does not exist" as a cause of action. Dkt. No. 55 at 5. The Court agrees.

Under the ADA, states are prohibited from enacting or enforcing any law "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). However, any remedy available under the ADA is "in addition to any other remedies provided by law." 49 U.S.C. § 40120(c). The Ninth Circuit's opinion in this case lays out the broader history of, and tension between, these two provisions in the ADA. *Hickcox-Huffman*, 855 F.3d at 1060-64. Most

4

relevant to this motion, though, is the Supreme Court's decision in *American Airlines v. Wolens*, 513 U.S. 219 (1995). There, the Court ruled that the ADA preempted the plaintiff's state-law consumer fraud claim, but did not preempt his breach of contract claim. The latter arose out of the defendant airline's terms of service. The Supreme Court wrote, "[w]e do not read the ADA's preemption clause, however, to shelter airlines from suits . . . seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Wolens*, 513 U.S. at 228; *see also Hickcox-Huffman*, 855 F.3d at 1062 ("The States may not impose their own rules regarding fares, routes, or services, but may afford relief for breaches of obligations the airlines voluntarily undertook themselves, even when the obligations directly relate to fares, routes, and services.").

Hickcox-Huffman argues that *Wolens* "establishes that airlines can be sued for breach of a self-imposed undertaking." Dkt. No. 58 at 10. That is true, but only in the sense that *Wolens* saves such claims from preemption. *See* 513 U.S. at 228. *Wolens* did not create a new cause of action that is separate and distinct from breach of contract. Even if *Wolens* were ambiguous on this point, Hickcox-Huffman does not point to a single subsequent case in which any plaintiff has successfully asserted a claim for "breach of self-imposed undertaking." Nor does she explain what the elements of such a claim would be, or why the breach of a self-imposed undertaking would be actionable at law in the first place (unless, of course, it occurred in the context of an enforceable contract). In sum, Hickcox-Huffman reads too much into *Wolens*, and confounds the Supreme Court's preemption analysis with the question at hand: whether she adequately pleaded a claim upon which relief can be granted.

Separately, US Airways argues that the breach of self-imposed undertaking claim should be dismissed because it is duplicative of Hickcox-Huffman's breach of express contract claim. Dkt. No. 55 at 6. US Airways did not move to strike the self-imposed undertaking claim under Federal Rule of Civil Procedure 12(f), but a court may strike redundant claims *sua sponte*. Fed. R. Civ. P. 12(f)(1); *see also Cal-Agrex, Inc. v. Tassell*, No. C-07-0964 SC, 2007 WL 2669906, at *1 (N.D. Cal. Sept. 7, 2007) (on Fed. R. Civ. P. 12(b)(6) motion, striking superfluous claims). Hickcox-Huffman opposes, arguing that "the self-imposed undertaking claim asserts different violations than" the breach of express contract claim." Dkt. No. 58 at 12. She further asserts that

the Ninth Circuit's decision in *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015), prohibits this Court from dismissing superfluous claims.

Hickcox-Huffman's argument on the first point is without merit. According to the amended complaint, US Airways created a self-imposed duty to, in exchange for the baggage fee, "timely deliver (and not lose), customers' baggage, and to refund baggage fees if it failed to do so." Dkt. No. 21 ¶ 30. Under the express contract, US Airways promised, through the TOT, "to timely deliver [customers'] bags to them upon arrival at their destination." *Id.* ¶ 33. The airline's obligation under either formulation is identical: to timely deliver baggage. The alleged breach, under either formulation, is also identical: failure to timely deliver baggage. Indeed, in her opposition, Hickcox-Huffman described the TOT's commitment to timely deliver baggage as the "antecedent obligation, the violation of which," gives rise to the claim for breach of self-imposed undertaking. Dkt. No. 58 at 10-11. In other words, Hickcox-Huffman's claim for breach of self-imposed undertaking requires her to first prove her claim for breach of express contract. In the end, the former is nothing more than a restatement of the latter.

Second, Hickcox-Huffman's reliance on *Astiana* is misplaced. In *Astiana*, the district court had dismissed a quasi-contract claim as being unavailable under California law, and duplicative of the plaintiffs' other, non-contract based claims. The Ninth Circuit reversed, noting that, "[t]o the extent the district court concluded that the cause of action was nonsensical because it was duplicative of or superfluous to Astiana's other claims, this is not grounds for dismissal." *Astiana*, 783 F.3d at 762 (citing Fed. R. Civ. P. 8(d)(2)). Federal Rule of Civil Procedure 8(d) certainly authorizes parties to plead claims in the alternative, but *Astiana* in no way stands for the proposition that duplicative claims may never be dismissed. *See, e.g.*, *Dickey v. Advanced Micro Devices, Inc.*, No. 5:15-CV-04922-RMW, 2016 WL 1375571, at *8 (N.D. Cal. Apr. 7, 2016) (citing *Astiana* and dismissing duplicative unjust enrichment claim). Moreover, the plaintiffs in *Astiana* could proceed with their quasi-contract claim despite it being duplicative of other, non-contract claims. Here, by contrast, Hickcox-Huffman's claim for breach of self-imposed undertaking rests on exactly the same legal theory as her breach of contract claim. Finally, as noted above, Rule 12(f) independently authorizes a court to dismiss matters it finds to be

1 redundant.

In sum, the Court concludes that Hickcox-Huffman claim for breach of self-imposed undertaking does not state a cognizable legal theory. Separately, the Court would have grounds to strike the claim as redundant under Rule 12(f). Accordingly, the claim is dismissed without leave to amend.

### C. Federal Common Law Does Not Provide An Independent Cause of Action For Breach of Contract Against an Airline

US Airways moves to dismiss Hickcox-Huffman's fourth claim, arguing that federal common law does not support a breach of contract claim of the type asserted here. Dkt. No. 55 at 7-8. The Court agrees.

As noted above, the Supreme Court in *Wolens* explained that the ADA's preemption and savings clauses, read together, "stop[ ] States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated." 513 U.S. at 232-33. Separately, the Court argued that the ADA was not "meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. . . . [T]he ADA permits state-law-based court adjudication of routine breach-of-contract claims." *Id.*

But what to do if a "routine breach of contract claim" raises questions of substantive law that are external to the privately-arranged bargain between airline and passenger? Cases after *Wolens* show that federal common law has a role to play. For example, in *Read-Rite Corp. v. Burlington Air Express, Ltd*, 186 F.3d 1190, the defendant air cargo carriers contractually limited their liability for lost or damaged cargo. The Ninth Circuit determined that, based on the ADA's preemption clause, federal common law governed as to whether the limited liability provisions were enforceable. The court reasoned that, "[d]eciding whether a limited liability provision is enforceable is a matter of 'substantive standards' and 'policies external to the agreement.'" *Read-Rite*, 186 F.3d at 1197 (citing *Wolens*, 513 U.S. at 232-33).

Here, Hickcox-Huffman argues that "federal common law provides airline passengers with

a cause of action for lost luggage." Dkt. No. 58 at 15. This argument, like the one asserted as to the breach of self-imposed undertaking claim, confuses preemption analysis with whether the amended complaint states a claim upon which relief can be granted. In *Read-Rite*, for example, the Ninth Circuit did not create a new cause of action for breach of contract under federal common law. The court merely applied federal common law to resolve one question within an otherwise "routine breach of contract" claim. *See Read-Rite*, 186 F.3d at 1197.

At some point, federal common law may become relevant in this case. If, for example, the Court must evaluate aspects of any alleged contract between the parties, and doing so requires the application of substantive law external to the agreement, federal common law may govern. For the purpose of a motion to dismiss, however, Hickcox-Huffman's claim for breach of contract under federal common law is not cognizable, and is entirely duplicative of her other "routine breach of contract" claims. The claim is therefore dismissed without leave to amend.

### D. Hickcox-Huffman May Alternatively Plead Breach of Express and Implied Contract

Finally, US Airways moves to dismiss Hickcox-Huffman's claim for breach of implied contract. The airline contends that Hickcox-Huffman's claim for breach of express contract precludes any claim under an implied contract theory. Dkt. No. 55 at 6-7. This argument is unpersuasive.

As alluded to above, under Federal Rule of Civil Procedure 8(d) a party may set out two or more statements of a claim, and a party may state as many separate claims as it has, "regardless of consistency," Fed. R. Civ. P. (8)(d)(3). However, under the law of California and Virginia – the parties do not agree as to which state's law governs Hickcox-Huffman's claims, *Hickcox-Huffman*, 855 F.3d at 1063 n.33 – an "implied-in-fact or quasi-contract [claim] cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Be In, Inc. v. Google Inc.*, No. 12-CV-03373-LHK, 2013 WL 5568706, at *5 (N.D. Cal. Oct. 9, 2013) (citing *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (Cal. Ct. App. 1996)); *Lion Assocs., LLC v. Swiftships Shipbuilders, LLC*, 475 F. App'x 496, 503 (4th Cir. 2012) (citing *Nedrich v. Jones*, 245 Va. 465, 429 (1993)) (similar rule under Virginia law). In *Be In*, for

8

example, the court applied California law and granted the defendant's motion to dismiss an implied contract claim where the parties "[did] not dispute the existence of the [contract] alleged in the [complaint] or that the [contract was] an enforceable express contract." *Be In*, 2013 WL 5568706, at *5.

US Airways contends that *Be In* and similar cases completely preclude Hickcox-Huffman's breach of implied contract claim. According to US Airways, the "Ninth Circuit ruled that the Terms of Transportation constitute a valid, express agreement governing both parties' conduct." Dkt. No. 59 at 9. That said, US Airways noted that "issues of material fact and other obstacles" may preclude Hickcox-Huffman from recovering on her breach of express contract claim. *Id.* at 9 n.3. Moreover, at the October 24 hearing, US Airways reiterated its position that the TOT did not amount to a binding contract to timely deliver Hickcox-Huffman's bag. If there was a binding contract, the airline added, then US Airways documents besides the TOT might clarify that contract's terms. Both parties represented that they were actively engaged in discovery on precisely this issue.

US Airways is attempting to have it both ways. On the one hand – according to the airline – the Ninth Circuit concluded, as a matter of law, that an express contract existed. Hickcox-Huffman's implied contract claim, therefore, must fail. On the other hand, the TOT is not an express contract to timely deliver Hickcox-Huffman's bag, and even if it were, there might be other evidence out there to inform what the terms of that contract are. There are multiple problems with these arguments.

First, the Ninth Circuit did not *find* that an express contract existed between Hickcox-Huffman and US Airways. The court merely concluded that Hickcox-Huffman adequately *pleaded* the existence and breach of an express contract sufficient to survive a motion to dismiss. *Hickcox-Huffman*, 855 F.3d at 1064 ("What matters at this stage of her case is whether she has sufficiently alleged that the airline promised under the terms of transportation to deliver her bag when she landed. She has."). Accordingly, US Airways' reliance on *Be In* and similar cases is inappropriate. In *Be In*, the court could dismiss the implied contract claim because both parties acknowledged the existence and substance of the express contract. *See* 2013 WL 5568706, at *5.

9

Here, by contrast, no finding has ever been made as to the existence or non-existence of an express contract, and US Airways continues to dispute that such a contract ever existed.

Second, Hickcox-Huffman may plead her claims in the alternative, "regardless of consistency." Fed. R. Civ. P. 8(d). That Hickcox-Huffman may not be able to recover on both an express and implied contract claim is irrelevant. At the pleading stage, as long as her amended complaint "allege[s] sufficient facts to state a claim for relief that is facially plausible," her suit may move forward. *Twombly*, 550 U.S. at 570.

Finally, if documents other than the TOT might illuminate the terms of any contract between Hickcox-Huffman and US Airways, then those same documents might speak to whether the parties ever formed a binding agreement in the first place. Discovery may force Hickcox-Huffman to choose between her express and implied contract theories, or might reveal that neither claim is tenable. These questions, however, are for another day. The question on a motion to dismiss is whether Hickcox-Huffman adequately pleaded a claim upon which relief can be granted. US Airways has not presented any convincing argument that Hickcox-Huffman failed to do so as to her breach of implied contract claim. Accordingly, US Airways' motion to dismiss the claim is denied.

## IV.  CONCLUSION

For the reasons explained above, the Court grants US Airways' motion as to Hickcox-Huffman's "Breach of Self-Imposed Undertaking" and "Breach of Contract – Federal Law" claims, without leave to amend. As to the claim for "Breach of Implied Contract," however, the Court denies the motion.

**IT IS SO ORDERED.**

Dated: October 26, 2017

HOWARD R. LLOYD
United States Magistrate Judge

10