UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAYLEY HICKCOX-HUFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>US AIRWAYS, INC., et al.,<br><br>Defendants. | Case No. 10-cv-05193-VKD<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 92 |

On November 16, 2010, Plaintiff Hayley Hickcox-Huffman ("Plaintiff") filed a proposed nationwide class action lawsuit against Defendants US Airways, Inc. and US Airways Group, Inc. (collectively, "US Airways") (together, Plaintiff and US Airways shall be referred to as the "Parties") in the United States District Court for the Northern District of California, Case No. CV10-05193 HRL[1], which asserted claims for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and interference with use of property/bailment.

On January 31, 2011, Plaintiff filed her First Amended Complaint, which asserted claims for breach of self-imposed undertaking, breach of contract (express), breach of contract (implied), breach of contract (federal law), breach of the implied covenant of good faith and fair dealing, unjust enrichment, intentional misrepresentation, and negligent misrepresentation, that related to or arose from US Airways' transporting baggage for passengers on its airline ("the Action").

---

[1] By Order of the Court dated June 4, 2018 (Dkt. No. 85), this matter was reassigned to the Honorable Virginia K. DeMarchi, when the case number changed from 10CV-05193 HRL to 10-cv-05193 VKD.

The Parties briefed a number of motions directed to the pleadings as well as an appeal to the Ninth Circuit of this Court's ruling on Defendants' Motion to Dismiss the First Amended Complaint. The Ninth Circuit reversed and remanded the matter to this Court in May 2017. On remand, the Parties stipulated to dismiss certain causes of action and this Court dismissed a number of others, leaving only Plaintiff's claim for breach of contract (express).

The Parties have entered into a Stipulation of Class Action Settlement ("Agreement"), the fairness, reasonableness, and adequateness of which is the subject of this Order, in which the Parties have agreed to settle the Action pursuant to the terms and conditions of the Agreement, and which will result in dismissal of the Action with prejudice.

The Court finds that Class Counsel have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action, including by (i) considering the merit of the remaining claim of breach of express contract; and (ii) engaging in extensive discovery, including a review of relevant documents, such as the US Airways Terms of Transportation, website postings, customer service plans, and an extensive review of data relating to pricing, revenue, and volume of checked baggage during the relevant time period. Plaintiff also represents that she engaged expert witnesses to assist in her review and evaluation of data related to lost and delayed checked baggage.

The Parties reached a settlement following extensive arms'-length negotiations that occurred over the course of two full-day, in-person mediation sessions with Jill Sperber, Esq., of Judicate West.

Counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in the Action.

The Court has carefully reviewed the Agreement, including the exhibits attached thereto and all file, records and prior proceedings to date in this matter, and good cause appearing based on the record,

IT IS hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. <u>Defined Terms</u>. For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Agreement.

1  2. Stay of the Action. All proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

3. Preliminary Class Certification for Settlement Purposes Only. The Action is preliminarily certified as a class action, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the tens of thousands of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiff are typical of the claims of the Class she seeks to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiff and Class Counsel are adequate representatives of the Class. US Airways retains all rights to assert that the Action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. Class Definition. The Class shall consist of all passengers of US Airways who traveled on a domestic flight between November 16, 2005 and April 29, 2010, checked baggage that was lost or delayed, and reported to US Airways during the Class Period that their checked baggage was lost or delayed. Specifically excluded from the Class are: (a) US Airways, its employees, principals, officers, directors, agents, affiliated entities legal representatives, successors and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; and (c) all persons who have filed a timely Request for Exclusion from the Class. The "Subject Service" is US Airways' commitment to transport a passenger's checked baggage to a passenger's destination on domestic flights at any time between November 16, 2005 and April 29, 2010, inclusive.

5. Class Representative and Class Counsel. Plaintiff is designated as representative of

the conditionally certified Class. The Court preliminarily finds that she is similarly situated to absent Class Members and therefore typical of the Class, and that she will be an adequate class representative. Karczag and Associates PC, Foley Bezek Behle & Curtis LLP, and the Law Office of William M. Aron, whom the Court finds are experienced and adequate counsel for purposes of these settlement approval proceedings, are hereby designated as Class Counsel.

6. <u>Preliminary Settlement Approval</u>. Upon preliminary review, the Court finds that the Agreement and the terms it incorporates, appears fair, reasonable and adequate. *See generally* Fed. R. Civ. P. 23; *Manual for Complex Litigation*, Fourth, § 21.632 (2004). Accordingly, the Agreement is preliminarily approved and is sufficient to warrant sending notice to the Class.

7. <u>Jurisdiction</u>. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8. <u>Fairness Hearing</u>. A Fairness Hearing shall be held before this Court on April 1, 2019, 10:00 a.m. at the United States District Court for the Northern District of California, 280 South 1st Street, 5th Floor, Courtroom 2, San Jose, CA 95113, to determine, among other things (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), and (b)(3); (b) whether the settlement of the Action pursuant to the terms and conditions of the Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement; (d) whether Class Members who do not timely request exclusion should be bound by the Release set forth in the Agreement; (e) whether Class Members and related persons should be subject to a permanent injunction; and (f) whether to grant Class Counsel's application for an award of Attorneys' Fees and Expenses and an Incentive Award for Plaintiff (the "Fee Application"). Papers in support of final approval of the Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 15 below. Objections to the Agreement or the Fee Application shall be filed with the Court on or before the Objection Deadline set forth in Paragraph 15 below, and papers in response to such objections must be filed on or before March 25, 2019. The Fairness Hearing may be

postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Agreement that will fully and finally adjudicate the rights of the Class Members with respect to the proposed Released Claims.

9. <u>Administration</u>. In consultation with and with the approval of US Airways, Class Counsel is hereby authorized to establish the means necessary to administer the proposed Settlement and implement the claim process, in accordance with the terms of the Agreement.

10. <u>Class Notice</u>. The form and content of the proposed Long Form Notice and Summary Notice, attached as Exhibits E and F, respectively, to the Agreement, and the notice methodology described in the Agreement, are hereby approved. Pursuant to the Agreement, the Court appoints KCC, LLC as the Settlement Administrator to help implement the terms of the Agreement.

(a) <u>Notice Date</u>. No later than November 23, 2018, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement and the deadlines set forth in Paragraph 15 below, in accordance with the notice program set forth in the Agreement. The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to terms therein.

(b) <u>Findings Concerning Notice</u>. The Court finds that the Settlement is fair and reasonable such that the Long Form Notice and Summary Notice should be provided pursuant to the Agreement and this Order.

(c) The Court finds that the form, content and method of disseminating notice to the Class as described in Paragraphs 10 and 15 of this Order: (i) complies with Rule 23(c)(2) of the Federal Rules of Civil Procedure as it is the best practicable notice under the circumstances, and is reasonably calculated, under all the circumstances, to apprise the members of the Class of the pendency of the Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class; (ii) complies with Rule 23(e) as it is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed settlement, including, but

not limited to, their right to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) constitutes due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (iv) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

12. <u>Exclusion from Class</u>. Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail a personally signed letter including (a) his or her full name; (b) his or her current address; (c) a clear statement communicating that he or she elects to be excluded from the Class, does not wish to be a Class Member, and elects to be excluded from any judgment entered pursuant to the Agreement; (d) his or her signature; and (e) the case name and case number of the Action. A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or a group be excluded. "Mass" or "class" opt-outs are not permitted. Any such Request for Exclusion must be postmarked and sent to the Settlement Administrator no later than February 21, 2019 (the "Opt-Out Date"). The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Defense Counsel. The Settlement Administrator shall file a list reflecting all timely requests for exclusion with the Court no later than seven (7) days before the Fairness Hearing.

If the proposed Settlement is finally approved, any potential Class Member for whom the Settlement Administrator is not able to determine an accurate address and who, in accordance with the terms and conditions of the Agreement, has neither submitted a timely written Request for Exclusion on or before the Opt Out Date nor submitted a valid and timely Claim Form shall be bound by all terms of the Agreement and the Final Order and Final Judgment, regardless of whether they objected to the Settlement, even if the potential Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or entities who properly exclude themselves from the Class shall not be Class

Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

13. <u>Objections and Appearances</u>. Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must file a written objection with the Court through the Court's CM/ECF system (or any other method in which the Court will accept filings, if any) no later than the Objection Deadline. Class Members who object must set forth: (a) their full name; (b) their current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing (with or without counsel); (e) their signature; (f) a statement, sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746, attesting to the fact that he or she checked a bag on a domestic flight with US Airways between November 16, 2005 and April 29, 2010 that was lost or delayed and he or she reported to US Airways during the Class Period that his or her checked baggage was lost or delayed; (g) details of his or her checked baggage on a domestic flight with US Airways, including the date and location of the airport at which he or she checked the baggage and the location of the destination airport at which the Class Member reported the bag lost or delayed; and (h) the case name and case number of the Action.

Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Class Counsel identified and to Defense Counsel, and file said notice with the Court, no later the date scheduled in Paragraph 15 below, or as the Court may otherwise direct. Objections that are served on the Parties but not filed or mailed to the Court (and not filed pursuant to the Court's CM/ECF system, or any other method in which the Court will accept filings, if any), shall not be received or considered by the Court at the Fairness Hearing. Any Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Agreement. The Settlement Administrator, Defense Counsel, and Class Counsel shall promptly furnish each other copies of any and all objections that might come into their possession.

14. <u>Preliminary Injunction</u>. All Class Members and/or their representatives, who do not timely and properly exclude themselves from the Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individual actions, class members, putative class members, or otherwise against the Released Parties (as that term is defined in the Agreement) in any court or tribunal asserting any of the Released Claims (as that term is defined in the Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, based on or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against US Airways (or against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

15. <u>Summary of Deadlines</u>. In summary, the deadlines set by this Order are as follows. If any deadline set forth in this Order falls on a Saturday, Sunday, or federal holiday, then such deadline shall extend to next Court day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Class Members must check the Settlement Website regularly for updates and further details regarding this Settlement:

(a) The Long Form Notice shall be published on the Settlement Website no later than November 23, 2018 (the "Notice Date");

(b) The Summary Notice shall be published as soon as possible after the Notice Date;

(c) The Settlement Website and Toll-Free Telephone Number shall be established and become operational no later than November 23, 2018.

(d) Plaintiff's motion for attorney's fees shall be filed no later than February 7, 2019.

(e) All completed Claim Forms must be postmarked and mailed to the Settlement Administrator or uploaded to the Settlement Website no later than February 21, 2019 ("the Claim Deadline").

(f) All written objections to the Agreement shall be filed with the Court no later than February 21, 2019 ("the Objection Deadline").

(g) All Requests for Exclusion shall be postmarked and sent to the Settlement Administrator no later than February 21, 2019 ("the Opt Out Date").

(h) All written notices of an objector's intention to appear at the Fairness Hearing shall be filed with the Court no later than March 25, 2019.

(i) A Fairness Hearing shall be scheduled for April 1, 2019 at 10:00 a.m.

(j) Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator.

(k) Plaintiff's motion in support of final approval of the Settlement shall be filed no later than February 25, 2019 and posted to the Settlement Website as soon as practicable thereafter, and may be supplemented no later than seven (7) days prior to the Fairness Hearing.

16. <u>Termination of Settlement</u>. In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified

pursuant to this Agreement and such findings had never been made;

        (c)     Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against US Airways or Plaintiff of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

        (d)     Nothing in this Order or pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

        (e)     Nothing is this Order or pertaining to the Agreement is, or may be construed as, a presumption, concession or admission by or against US Airways that the Action meets the requisites for certification as a class action under federal or California law; and

        (f)     All of the Court's prior Orders having nothing whatsoever to do with the Agreement shall, subject to this Order, remain in force and effect.

17.    <u>Use of Order</u>.  This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against US Airways of any fault, wrongdoing, breach, or liability, or that any of the claims asserted in the Action meet the requisites for certification as a class action under federal or California law.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other lawsuit.

18.    <u>Alteration of Exhibits</u>.  Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

19. Retaining Jurisdiction. This Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

20. Extension of Deadlines. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class. Class Members should check the Settlement Website regularly for updates and further details regarding Settlement deadlines.

**IT IS SO ORDERED.**

Dated: October 22, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge