UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAYLEY HICKCOX-HUFFMAN, <br><br>Plaintiff, <br><br>v. <br><br>US AIRWAYS, INC., et al., <br><br>Defendants. | Case No.10-cv-05193-VKD <br><br>**FINAL ORDER APPROVING ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD** <br><br>Re: Dkt. No. 109 |

The Court, having considered the papers filed and oral arguments presented in support of the Motion for Attorneys' Fees and Reimbursement of Expenses to Class Counsel and an Incentive Award for the Class Representative (the "Fee, Expense and Incentive Award Motion"), hereby makes the following findings of fact, reaches the following conclusions of law, and orders as follows:

## I. FINDINGS OF FACT

Pursuant to Federal Rules of Civil Procedure 23(h)(3) and 52(a), the Court makes the following findings of fact:

1. The amount of attorneys' fees to be awarded to Class Counsel[1] was neither discussed, negotiated, nor agreed upon by the parties as part of the Settlement, and therefore had no impact on the negotiation of the terms of the Settlement.

2. The negotiations that formed the basis of the Settlement were at arms-length and took place in two separate mediation sessions before the mediator, Jill Sperber, Esq., of Judicate

---

[1] Except where otherwise noted, all capitalized terms used in this Final Order Approving Attorneys' Fees and Expenses and Incentive Award shall have the meanings attributed to them in the Settlement Agreement (Dkt. No. 104-1).

West.

3. The parties left the determination of Class Counsel's attorneys' fees solely to the discretion of the Court.

4. Exhibit F of the Settlement Agreement (Dkt. No. 104-1), the summary notice of the proposed settlement, states "Class Counsel will request attorneys' fees not to exceed $2,955,000 and reimbursement of costs and expenses not to exceed $50,000 . . . using a portion of the $9,850,000.00 Settlement Fund." Dkt. No. 104-1 at 94.

5. Class Counsel's lodestar in the amount of $949,669.00 is reasonable and justified based on: (a) the market competitive hourly rates charged by Class Counsel for the work that was performed; (b) the significant time and effort that was expended by Class Counsel (more than 1850 hours); and (c) the duration of the case (over eight years).

6. The attorneys' fees requested in the amount of $2,955,000 represents a multiplier of 3.11, which is reasonable and justified based on: (a) the difficult and novel legal challenges faced by Class Counsel in this case; (b) the risks and financial burdens that Class Counsel undertook in litigating this case on a fully contingent basis; and (c) the significant benefits that are being made available to the class members under the Settlement.

7. When analyzed as a percentage of the overall Settlement Fund, the attorneys' fees requested represent 30% of the total settlement value.

8. Whether analyzed on a lodestar/multiplier basis or as a percentage of the overall Settlement Fund, the attorneys' fees requested by Class Counsel in the amount of $2,955,000 is fair and reasonable.

9. The expenses sought by Class Counsel in the amount of $45,611.21 are less than the $50,000.00 cap amount agreed to by Class Counsel as recited in Exhibit F of the Settlement Agreement.

10. The expenses for which Class Counsel seek reimbursement appear to be reasonably and necessarily incurred in connection with the prosecution and resolution of this action.

11. The incentive award requested on behalf of Plaintiff, the class representative, in the amount of $10,000.00 is fair and reasonable in light of the amount of personal time devoted to

1 fulfilling her duties as the class representative in this action.

2. 12. The Class Notice that was disseminated pursuant to the Court-approved notice plan notifies class members of the maximum amounts of attorneys' fees, expenses and incentive awards that will be sought.

13. The Fee, Expense and Incentive Award Motion was filed by the February 7, 2019 deadline and posted on the Settlement Administrator's website to allow class members to opt-out or file any objection to the Fee, Expense and Incentive Award Motion.

14. No objections have been received to the attorneys' fees, costs, expenses, or incentive award proposed.

## II. CONCLUSIONS OF LAW

Pursuant to Federal Rules of Procedure 23(h)(3) and 52(a), the Court reaches the following conclusions of law:

1. In a class action, the district court must exercise its inherent authority to ensure that the amount and mode of payment of attorneys' fees are fair and appropriate. *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (quoting *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328 (9th Cir. 1999)).

2. In calculating attorneys' fees in class actions, the district court has discretion to use either a percentage or lodestar method in order to calculate the attorneys' fees to be awarded to counsel. *Id.* (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

3. While the Ninth Circuit has adopted a 25% benchmark for fees based on the common fund, "the benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.3d 1302, 1311 (9th Cir. 1990).

4. In determining what qualifies as reasonable attorneys' fees under the lodestar method, the Court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case;

3

(5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 71 (9th Cir. 1975)).

5. Under the lodestar method, the district court may make adjustments to the lodestar figure by a positive or negative multiplier based on, inter alia, the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011).

6. The district courts have applied a wide range of lodestar multipliers—generally ranging from 1 to 4—in making fee award determinations. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002).

7. The district court may award reasonable attorneys' fees, non-taxable costs, and expenses that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h); *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012).

8. The district court has discretion to grant incentive awards to class representatives. *See Palmer v. Nigaglioni*, 508 F. App'x 658, 658–59 (9th Cir. 2013); *In re Mego Fin'l Corp. Sec. Litig. v. Nadler*, 213 F.3d 454, 463 (9th Cir. 2000).

9. The criteria that courts should consider when determining whether to grant an incentive award and the amount of the award include: (a) the risk to the class representative in commencing a class action, both financial and otherwise; (b) the notoriety and personal difficulties encountered by the class representative; (c) the amount of time and effort spent by the class representative; (d) the duration of the litigation; and (e) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (citing *Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995)); *see also Staton*, 327 F.3d at 977.

10. It is not uncommon for a court to award each class representative several thousand

dollars as an incentive award. *See, e.g.*, *In re Mego Fin'l Corp. Sec. Litig.*, 213 F.3d at 463 (approving incentive awards of $5,000 to the two class representatives); *Bellinghausen*, 306 F.R.D. at 268 (awarding incentive award of $15,000 to class representative).

11. It is imperative under Rule 23(h) that class members have an adequate opportunity to oppose Class Counsel's Fee, Expense and Incentive Award Application. *In re: Mercury Interactive Corp. Securities*, 618 F.3d 988, 994–95 (9th Cir. 2010).

12. Providing class members with an adequate opportunity to oppose Class Counsel's Fee, Expense and Incentive Award Motion requires that, at a minimum, the deadline for filing objections to Class Counsel's Fee, Expense and Incentive Award Application not predate the filing of Class Counsel's Fee, Expense and Incentive Award Motion. *Id.*

### III. CONCLUSION

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Attorneys' fees in the total amount of $2,955,000 are awarded to Class Counsel for their services in connection with the litigation and resolution of the claims asserted in this action.

2. Class Counsel is to be reimbursed for their reasonable expenses and non-taxable costs incurred in connection with the litigation and resolution of the claims asserted in this action in the total amount of $45,611.21.

3. The Plaintiff is awarded an incentive award in the amount of $10,000.00.

4. The attorneys' fees, expense reimbursement, and incentive award shall be paid from the Settlement Fund.

**IT IS SO ORDERED.**

Dated: April 11, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

5