1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HAYLEY HICKCOX-HUFFMAN,

Plaintiff,

v.

US AIRWAYS, INC., et al.,

Defendants.

Case No.10-cv-05193-VKD

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

Re: Dkt. No. 112

The Parties have entered into the Stipulation of Class Action Settlement, with its attached exhibits (collectively, the "Agreement"), filed with this Court on September 4, 2018, and subsequently amended through interlineation on October 18, 2018 (Dkt. No. 104-1, Exhibit 1), in order to settle *Hayley Hickcox-Huffman vs. US Airways, Inc. & US Airways Group, Inc.*, Case No. 10-CV-05193 VKD, original complaint filed on November 16, 2010, pending in the United States District Court, Northern District of California, (the "Action").

By Order dated October 22, 2018 (the "Preliminary Approval Order"), this Court granted preliminary approval of the proposed class action settlement between the Parties in the Action, ordering the dissemination of Class Notice to potential Class Members, and providing potential Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed settlement and issuing related Orders. The Court also preliminarily certified a Class, for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Fairness Hearing to take place on April 1, 2019. On that date, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing Plaintiff's complaint on the merits and with prejudice in favor of Defendants US Airways, Inc. and US

1    Airways Group, Inc. (collectively, "US Airways") and the Released Parties and against all persons

2    who are Class Members pursuant and subject to the terms of the Agreement; (3) whether and in

3    what amount to award an Incentive Award to Plaintiff; and (4) whether and in what amount to

4    award Attorneys' Fees and Expenses to Class Counsel.

5         The Court has considered the papers submitted by the Parties and by all other persons who

6    timely submitted papers in accordance with the Preliminary Approval Order, and has heard oral

7    presentations by the Parties and all persons who complied with the Preliminary Approval Order.

8    Based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby

9    **ORDERED, ADJUDGED AND DECREED** as follows:

10        1.      Use of Capitalized Terms.   Except where otherwise noted, all capitalized terms

11    used in this Final Order Approving Class Action Settlement shall have the meanings attributed to

12    them in the Agreement.

13        2.      Incorporation of Other Documents.   This Final Order Approving Class Action

14    Settlement incorporates and makes a part hereof: (a) the Agreement, including all amendments and

15    exhibits thereto, and definitions included therein, which was signed by the Parties and filed with

16    this Court on September 4, 2018, and subsequently amended through interlineation on October 18,

17    2018 (Dkt. No. 104-1); (b) the briefs, affidavits, declarations, and other materials filed in support

18    of the Settlement and Class Counsel's request for an award of Attorneys' Fees, Incentive Award

19    and Expenses; and (c) the record at the Fairness Hearing.

20        3.      Jurisdiction.   The Court has personal jurisdiction over the Parties.   Moreover,

21    because due, adequate, and the best practicable notice has been disseminated, and all potential

22    Class Members have been given the opportunity to exclude themselves from or object to this

23    Settlement, the Court has personal jurisdiction over all Class Members (as defined below and in

24    the Agreement). The Court has subject-matter jurisdiction over the claims asserted in the Action

25    pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the

26    proposed Settlement and the Agreement and all exhibits attached thereto (thereby settling and

27    releasing all claims arising out of the transactions alleged in this Action), grant final certification

28    of the Class for settlement purposes, and dismiss the Action on the merits and with prejudice and

1    issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. §

2    1391.

3          4.       <u>Final Class Certification For Settlement Purposes Only</u>.  The Class preliminarily

4    certified by this Court is hereby finally certified, for settlement purposes only, under Rule 23(a),

5    (b)(3), and (c)(2) of the Federal Rules of Civil Procedure, as the Court finds that the Class fully

6    satisfies all the applicable requirements of Rule 23 and due process.  The Class shall consist of all

7    passengers of US Airways who traveled on a domestic flight between November 16, 2005 and

8    April 29, 2010, checked baggage that was lost or delayed, reported to US Airways during the

9    Class Period that their checked baggage was lost or delayed, and whose checked baggage fee was

10    not previously refunded.  Specifically excluded from the Class are: (a) US Airways its employees,

11    principals, officers, directors, agents, affiliated entities legal representatives, successors and

12    assigns; (b) the judges to whom the Action has been or is assigned and any members of their

13    immediate families; and (c) all consumers who have filed a timely Request for Exclusion from the

14    Class.  The "Subject Service" at issue in the Settlement is US Airways' commitment to transport a

15    passenger's checked baggage to a passenger's destination on domestic flights at any time between

16    November 16, 2005 and April 29, 2010, inclusive.

17          5.       <u>Requests for Exclusion</u>.  The Court finds that only those persons listed in Exhibit A

18    to this Order have submitted timely and valid Requests for Exclusion from the Class and are

19    therefore not bound by this Final Order and the accompanying Final Judgment.  Class Counsel and

20    Defense Counsel may mutually agree to allow additional Class Members to exclude themselves or

21    to withdraw their exclusion requests by filing an appropriate notice with the Court.

22          6.       <u>Adequacy of Representation</u>.  The Court designates Plaintiff Hayley Hickcox-

23    Huffman as the representative of the Class, and finds that this Plaintiff has adequately represented

24    the Class for purposes of entering into and implementing the Agreement.  The Court appoints the

25    law firms Karczag and Associates PC, Foley Bezek Behle & Curtis LLP and the Law Office of

26    William M. Aron, as counsel for the Class ("Class Counsel").  For purposes of these settlement

27    approval proceedings only, the Court finds that Karczag and Associates PC, Foley Bezek Behle &

28    Curtis LLP and the Law Office of William M. Aron, are experienced and adequate Class Counsel.

3

1    Plaintiff and Class Counsel have satisfied the requirements of Rule 23(a)(4) and (g).

2        7.    Class Notice.  The Court finds that the dissemination of the Class Notice in

3    accordance with the terms of the Agreement and this Court's Preliminary Approval Order:

4            a.    constituted the best practicable notice to Class Members under the

5    circumstances of the Action;

6            b.    constituted notice that was reasonably calculated, under the circumstances,

7    to apprise Class Members of (i) the pendency of this class action; (ii) the terms of the proposed

8    Settlement; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves

9    from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed

10   Settlement (including, but not limited to, final certification of the Class, the fairness,

11   reasonableness or adequacy of the proposed Settlement, the adequacy of the Class's representation

12   by Plaintiff or Class Counsel and/or the award of attorneys' fees and expenses and representative

13   awards); (vi) their right to appear at the Fairness Hearing—either on their own or through counsel

14   hired at their own expense—if they did not exclude themselves from the Class; and (vii) the

15   binding effect of the Orders and Final Judgment in this Action, whether favorable or unfavorable,

16   on all persons who did not request exclusion from the Class;

17           c.    constituted notice that was reasonable, due, adequate, and sufficient notice

18   to all persons and entities entitled to be provided with notice; and

19           d.    constituted notice that fully satisfied all applicable requirements of the

20   Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e), the United States Constitution

21   (including the Due Process Clause), the Rules and Guidelines of this Court, and any other

22   applicable law, as well as complied with the Federal Judicial Center's illustrative class action

23   notices.

24       8.    CAFA Notice.  The Court finds that US Airways provided notice of the proposed

25   Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.

26   Furthermore, the Court has given the appropriate state and federal government officials the

27   requisite ninety (90) day time period (pursuant to the Class Action Fairness Act of 2005

28   ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to the proposed settlement before entering

4

1    its Orders and Final Judgment and no such objections or comments were received.

2        9.    <u>Final Settlement Approval</u>.  The Court finds that the terms and provisions of the

3    Agreement, including any and all amendments and exhibits, have been entered into in good faith

4    and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best

5    interests of, each of the Parties and the Class Members, and in full compliance with all applicable

6    requirements of the Federal Rules of Civil Procedure, CAFA, the United States Constitution

7    (including the Due Process Clause), and any other applicable law.  No objections have been

8    received.  The Settlement is approved.  The Parties and Class Members are hereby directed to

9    implement and consummate the Agreement in accordance with its terms and provisions.  The

10    Settlement Administrator shall take all steps necessary and appropriate to provide Class Members

11    with the benefits to which they are entitled under the terms of the Agreement.

12        The Court finds that the Agreement is fair, adequate and reasonable based on the following

13    factors, among other things:

14        a.    There was no fraud or collusion underlying this Settlement, and it was

15    reached as a result of extensive arm's-length negotiations, occurring over the course of several

16    months and two full-day, in-person mediation sessions before private mediator Jill Sperber, Esq.,

17    of Judicate West, all circumstances weighing in favor of approval.  *See, e.g.*, *In re Bluetooth*

18    *Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a

19    factor weighing in favor of a finding of non-collusiveness).

20        b.    The complexity, expense, and likely duration of the litigation favor

21    settlement on behalf of the Class, as the settlement provides meaningful benefits on a much

22    shorter time frame than otherwise possible were the matter to proceed to trial.  *See, e.g.*, *Lane v.*

23    *Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a

24    settlement where class counsel "reasonably concluded that the immediate benefits represented by

25    the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial");

26    *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong

27    judicial policy that favors settlements, particularly where complex class action litigation is

28    concerned").  Based on the stage of the proceedings and the amount of investigation and discovery

1    completed, the Parties had developed a sufficient factual record to evaluate their chances of

2    success at trial and the proposed settlement. In addition, the Parties negotiated the benefits to the

3    class *before* discussing Plaintiff's claim to attorneys' fees. *See In re Apple Deriv. Litig.*, No. C 06-

4    4128 JF (HRL), 2008 WL 4820784, at \*3 (N.D. Cal. Nov. 5, 2008) (parties' negotiations free of

5    collusion because, among other things, the parties negotiated the benefits to the class before

6    discussing attorneys' fees); *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, No. 07-

7    1825, 2012 WL 5462665, at \*2–3 (C.D. Cal. Nov. 7, 2012) (same).

8            c.      The support of Class Counsel, who are highly skilled in class action

9    litigation such as this, and the Plaintiff, who has participated in this litigation and evaluated the

10    proposed settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1291; *Fernandez*

11    *v. Victoria Secret Stores, LLC*, No. 06-04149, 2008 WL 8150856, at \*7 (C.D. Cal. July 21, 2008);

12    *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

13            d.      The Settlement provides meaningful relief to the Class and certainly falls

14    within the range of possible recoveries by the Class.

15          10.    Settlement Consideration.

16            a.      As described in the Agreement, US Airways will pay nine million eight

17    hundred and fifty thousand dollars ($9,850,000.00) to create the Settlement Fund for the benefit of

18    eligible Class Members pursuant to the terms of the Agreement and the Settlement Fund shall be

19    administered and implemented as set forth in the Agreement.

20            b.      If the Residual Funds remaining after payout of cash awards are such that it

21    is not economically feasible to make a supplemental distribution to the Class Members taking into

22    account all costs associated therewith, the Residual Funds shall be paid in equal portions to the

23    AARP Foundation, Children's Flights of Hope, and Mercy Medical Angels, which the Court find

24    to be appropriate *cy près* recipients.

25          11.    Binding Effect. The terms of the Agreement and of this Final Order and the

26    accompanying Final Judgment shall be forever binding on the Parties and all Class Members, as

27    well as their heirs, guardians, executors, administrators, representatives, agents, attorneys,

28    partners, successors, predecessors-in interest, and assigns, and those terms shall have *res judicata*

1    and other preclusive effect in all pending and future claims, lawsuits or other proceedings

2    maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other

3    proceedings involve matters that were or could have been raised in the Action or are otherwise

4    encompassed by the release set forth in the Agreement.

5        12.    Release.  The following release, which is also set forth in Section VII of the

6    Agreement, is expressly incorporated herein in all respects, including all defined terms used

7    therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and

8    forever discharges the Released Parties from any claims or liabilities encompassed by the release:

9        a.    Upon the Effective Date, the Releasing Parties shall be deemed to have, and

10   by operation of the Final Order and Final Judgment shall have, fully, finally and forever released,

11   relinquished, and discharged all Released Claims against the Released Parties.  In connection with

12   the Released Claims as defined by Paragraph 26 of the Stipulation of Class Action Settlement

13   (Dkt. No. 104-1), each Releasing Party shall be deemed as of the Effective Date to have expressly,

14   knowingly, and voluntarily waived any and all provisions, rights, and/or benefits conferred by

15   Section 1542 of the California Civil Code, and any statute, rule, and legal doctrine similar,

16   comparable, or equivalent to Section 1542, which provides as follows:

17
18           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
             THAT THE CREDITOR OR RELEASING PARTY DOES NOT
             KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
19           THE TIME OF EXECUTING THE RELEASE AND THAT, IF
             KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
20           AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
             OR RELEASED PARTY.
21
22           b.    In connection with such waiver and relinquishment, the Releasing Parties

23   hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims

24   or facts in addition to or different from those that they now know or believe exist with respect to

25   Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release

26   all of the Released Claims, whether known or unknown, suspected or unsuspected, that they have

27   against the Released Parties.  In furtherance of such intention, the release herein given by the

28   Releasing Parties shall remain in effect as a full and complete release notwithstanding the

7

1 discovery or existence of any such additional different claims or facts.  Each of the Releasing

2 Parties expressly acknowledges that he/she has been advised by his/her attorney of the contents

3 and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives

4 whatever benefits he/she may have had pursuant to such section.  Plaintiff and Class Members are

5 not releasing any claims for personal injuries.  Plaintiff acknowledges, and the Class Members

6 shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing

7 waiver was separately bargained for and a material element of the Settlement of which this release

8 is a part.

9   13. Permanent Injunction.  All Class Members and/or their representatives who have

10 not been timely excluded from the Class are hereby permanently barred and enjoined from

11 bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in,

12 continuing or receiving any benefits from, as class members or otherwise, any lawsuit (including

13 putative class actions), arbitration, administrative, regulatory or other proceeding in any

14 jurisdiction that is covered by the Release.  All Class Members and all persons in active concert or

15 participation with Class Members are permanently barred and enjoined from organizing or

16 soliciting the participation of any Class Members who did not timely exclude themselves from the

17 Class into a separate class or group for purposes of pursuing a putative class action, any claim or

18 lawsuit in any jurisdiction that is covered by the Release.  Pursuant to 28 U.S.C. §§ 1651(a) and

19 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid

20 of the Court's continuing jurisdiction and authority over the Action.

21   14. Enforcement of Settlement.  Nothing in this Final Order or in the accompanying

22 Final Judgment shall preclude any action to enforce the terms of the Agreement; nor shall

23 anything in this Final Order or in the accompanying Final Judgment preclude Plaintiff or other

24 Class Members from participating in the claims process described in the Agreement if they are

25 entitled to do so under the terms of the Agreement.

26   15. Attorneys' Fees and Expenses and Plaintiff's Incentive Award.  The Court is

27 concurrently issuing a separate order with respect to Attorneys' Fees and Expenses and the

28 Incentive Award to the representative Plaintiff, entitled "Final Order Approving Attorneys' Fees

1  and Expenses and Incentive Award."

2        16.     Modification of Settlement Agreement.  The Parties are hereby authorized, without

3  needing further approval from the Court, to agree to written amendments, modifications, or

4  expansions of the Agreement and its implementing documents (including all exhibits) without

5  further notice to the Class or approval by the Court if such changes are consistent with this Final

6  Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights

7  of Class Members under the Agreement.

8        17.     Retention of Jurisdiction.  The Court has jurisdiction to enter this Final Order, the

9  Final Order Approving Attorneys' Fees and Expenses and Incentive Award, and the

10  accompanying Final Judgment.  Without in any way affecting the finality of these Final Orders

11  and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters

12  relating to the administration, consummation, enforcement, and interpretation of the Agreement,

13  and of these Final Orders and the accompanying Final Judgment, and for any other necessary

14  purpose, including, without limitation (*see Kokkonen v. Guardian Life Ins. Co. of America*, 511

15  U.S. 375, 381-82 (1994)):

16        a.     enforcing the terms and conditions of the Agreement and resolving any

17  disputes, claims or causes of action that, in whole or in part, are related to or arise out of the

18  Agreement, this Final Order, the Final Order Approving Attorneys' Fees and Expenses and

19  Incentive Award, or the accompanying Final Judgment (including, without limitation, whether a

20  person or entity is or is not a Class Member; and whether claims or causes of action allegedly

21  related to this case are or are not barred by this Final Order and the accompanying Final Judgment;

22  and whether persons or entities are enjoined from pursuing any claims against US Airways);

23        b.     entering such additional Orders, if any, as may be necessary or appropriate

24  to protect or effectuate this Final Order, the Final Order Approving Attorneys' Fees and Expenses

25  and Incentive Award, the accompanying Final Judgment, and the Agreement (including, without

26  limitation, orders enjoining persons or entities from pursuing any claims against US Airways), or

27  dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members

28  from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of

1 this settlement; and

2            c.      entering any other necessary or appropriate Orders to protect and effectuate

3 this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph

4 is intended to restrict the ability of the Parties to exercise their rights as provided in the

5 Agreement.

6         18.     No Admissions. Neither this Final Order, the accompanying Final Judgment nor the

7 Agreement (nor any other document referred to herein, nor any action taken to carry out this Final

8 Order or the accompanying Final Judgment) is, may be construed as, or may be used as an

9 admission or concession by or against US Airways or the Released Parties of the validity of any

10 claim or defense or any actual or potential fault, wrongdoing or liability whatsoever or the

11 propriety of class certification.  US Airways continues to deny that the Action meets the requisites

12 for class certification under Rule 23 for any purpose other than settlement.  Entering into or

13 carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any

14 event be construed as, or deemed evidence of, an admission, or concession as to US Airways'

15 denials or defenses, and shall not be offered or received in evidence in any action or proceeding

16 against any Party hereto in any court, administrative agency or other tribunal for any purpose

17 whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order

18 and the accompanying Final Judgment and the Settlement Agreement; provided, however, that this

19 Final Order, the accompanying Final Judgment and the Settlement Agreement may be filed in any

20 action against or by US Airways or Released Parties to support a defense of *res judicata*, collateral

21 estoppel.

22         19.     Dismissal of Action.  The Action (including all individual and Class claims

23 presented therein) is hereby dismissed on the merits and with prejudice, without fees or costs to

24 any Party except as otherwise provided in this Final Order, the Final Order Approving Attorneys'

25 Fees and Expenses and Incentive Award, and the accompanying Final Judgment, and the

26 Agreement.

27         20.     Occurrence of Terminating Conditions.  In the event that the Effective Date does

28 not occur, certification shall be automatically vacated and this Final Order, the Final Order

Approving Attorneys' Fees and Expenses and Incentive Award, and the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

21.    Pre-distribution Status Reports.  Seven days before each distribution payment scheduled to take place pursuant to Paragraph 43 of the Settlement Agreement, the parties shall submit a joint report advising the Court of the status of the distribution, including the amount to be distributed per recipient and the total number of recipients.

**IT IS SO ORDERED.**

Dated: April 11, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

# EXHIBIT A

# Hickcox-Huffman v. US Airways Exclusion List
## Count 10

| ClaimID | Last1 | First1 |
|---|---|---|
| 10047530901 | BUNYAPEN | SUPITTHA |
| 10052390001 | CAMAROTE II | F MICHAEL |
| 10080922401 | DABBEEKEH | CARA |
| 10098306601 | DUDLEY | MARYCARSON |
| 10131330501 | GINSBURG | MILDRED |
| 10141441901 | GROVE | WAYNE |
| 10271324801 | OTOOLE | JENNY |
| 10296206601 | RAPP | MICHAELANDREW |
| 10362700501 | THYNG | SCOTTD |
| 10386978501 | WHITAKER | MEGANM |