UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAYLEY HICKCOX-HUFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>US AIRWAYS, INC., et al.,<br><br>Defendants. | Case No.10-cv-05193-VKD<br><br>**JUDGMENT** |

IT IS on this 11th day of April, 2019, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The Settlement of *Hayley Hickcox-Huffman vs. US Airways, Inc. & US Airways Group, Inc.*, Case No. 10-CV-05193-VKD, original complaint filed on November 16, 2010, pending in the United States District Court, Northern District of California (the "Action"), on the terms set forth in the Parties' Stipulation of Class Action Settlement, with exhibits (collectively, the "Agreement"), and definitions included therein, signed by the Parties and filed with this Court on September 4, 2018, and subsequently amended through interlineation on October 18, 2018 (Dkt. No. 104-1), is finally approved.

2. The following class is granted final certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3): all passengers of US Airways who traveled on a domestic flight between November 16, 2005 and April 29, 2010, checked baggage that was lost or delayed, reported to US Airways during the Class Period that their checked baggage was lost or delayed, and whose checked baggage fee was not previously refunded. Specifically excluded from the Class are: (a) US Airways, its employees, principals, officers, directors, agents, affiliated entities legal representatives, successors and assigns; (b) the judges to

whom the Action has been or is assigned and any members of their immediate families; and (c) all persons who have filed a timely Request for Exclusion from the Class.

3. The dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the Settlement and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the proposed Settlement or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, and the binding effect of the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. Only those persons listed in Exhibit 1 to this Final Judgment have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and the accompanying Final Order Approving Class Action Settlement.

5. The claims in the Action are dismissed on the merits and with prejudice pursuant to the terms (including the Release) set forth in the Agreement and in the Court's Final Order Approving Class Action Settlement and Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, without costs to any party except as provided in these Final Orders.

6. Plaintiff and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with Plaintiff or Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are hereby permanently barred and enjoined from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits

from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiff or Class Members, seeking to certify a class that includes Plaintiff or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

7. The Settlement Administrator shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement and pursuant to the Orders of the Court.

8. Class Counsel shall be awarded $ 2,955,00.00 in attorneys' fees and $45.611.21 in costs and expenses, which amount is approved as fair and reasonable, in accordance with the terms of the Agreement.

9. Plaintiff Hayley Hickcox-Huffman shall be awarded $10,000.00 as an incentive award in her capacity as a representative Plaintiff in the Action.

10. The Court will retain continuing jurisdiction over the Parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Order Approving Class Action Settlement, and the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards. Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of these Final Orders and this Final Judgment, and for any other necessary purpose. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994).

**IT IS SO ORDERED.**

Dated: April 11, 2019



VIRGINIA K. DEMARCHI
United States Magistrate Judge

# EXHIBIT 1

List of Persons Who Requested Exclusion

# Hickcox-Huffman v. US Airways Exclusion List
# Count 10

| ClaimID | Last1 | First1 |
|---|---|---|
| 10047530901 | BUNYAPEN | SUPITTHA |
| 10052390001 | CAMAROTE II | F MICHAEL |
| 10080922401 | DABBEEKEH | CARA |
| 10098306601 | DUDLEY | MARYCARSON |
| 10131330501 | GINSBURG | MILDRED |
| 10141441901 | GROVE | WAYNE |
| 10271324801 | OTOOLE | JENNY |
| 10296206601 | RAPP | MICHAELANDREW |
| 10362700501 | THYNG | SCOTTD |
| 10386978501 | WHITAKER | MEGANM |